**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Freeman Holdings of Arizona, L.L.C., dba Million Air, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>John Does, 1-50; Jane Does, 1-50; Doe Entities, 1-50; Joseph Ernest Gamez,<br><br>Defendants. | No. CV-11-01877-PHX-NVW<br><br>**ORDER** |

On January 2, 2013, the Court ordered Plaintiff and Defendant to show good cause as to why this action should not be dismissed for lack of jurisdiction (Doc. 101). Before the Court are Plaintiff's Response to the Order to Show Cause (Doc. 102) and Defendant's Response to the Order to Show Cause (Doc. 106).

**I.    BACKGROUND**

Plaintiff Freeman Holdings of Arizona, L.L.C. ("Plaintiff" or "Freeman Holdings") seeks recovery from Defendant Joseph Ernest Gamez ("Defendant") for allegedly defamatory statements. Plaintiff brought this action against Defendant in the District of Arizona on September 23, 2011, and filed its Second Amended Complaint on May 21, 2012 (Doc. 56). Plaintiff asserted that jurisdiction in this Court was proper under 28 U.S.C. § 1332, alleging that there is complete diversity of citizenship and that

the jurisdictional amount of $75,000 is satisfied. (*Id.* ¶ 1.) Since the statements at issue allegedly intimated that Plaintiff was involved in a criminal offense or was unfit for the proper conduct of its lawful business, trade, or profession, Plaintiff framed its action as a case of "defamation per se." (Doc. 102 at 4.) The prayer for relief indicated that Plaintiff sought general compensatory and special damages in an amount to be proven at trial, as well as punitive damages; the complaint offered no amount more specific than damages "exceed[ing] the minimum jurisdictional amount of $75,000." (Doc. 56 ¶ 1, at 11.) Defendant moved to dismiss the action for lack of subject-matter jurisdiction—in particular, failure to satisfy the jurisdictional amount (Doc. 82)—but the Court denied that motion (Doc. 85). More recently, however, Plaintiff acknowledged during a pretrial conference in open court that it would present no evidence during trial of "special or out-of-pocket damages." (Doc. 102 at 4.) The Court then filed its Order to Show Cause (Doc. 101).

**II.    LEGAL STANDARD**

Under 28 U.S.C. § 1332(a), a federal district court has diversity jurisdiction over an action when there is diversity of citizenship among the parties and the amount in controversy, excluding costs and interest, exceeds $75,000. 28 U.S.C. § 1332(a). For a court to lack subject-matter jurisdiction over an action commenced therein, it must appear to a legal certainty that the jurisdictional amount is not satisfied. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). A court will dismiss a suit if "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount . . . ." *Id.* The Ninth Circuit described the legal certainty test as follows:

> Generally speaking, the legal certainty test makes it very difficult to secure a dismissal of a case on the ground that it does not appear to satisfy the jurisdictional amount requirement. Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the

>plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction.

*Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) (citing 14A Charles A. Wright et al., *Federal Practice and Procedure* § 3702 at 48-50 (2d ed. 1985)). Accordingly, the Ninth Circuit has allowed a "determination of 'legal certainty' when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Id.* Finally, "[e]vents occurring after the filing of the complaint that reduce the amount recoverable below the requisite amount do not oust the court from jurisdiction." *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (citing *St. Paul Mercury*, 303 U.S. at 293).

Arizona follows the common-law principle allowing a plaintiff to recover presumed damages without proof of actual injury in cases of defamation per se. *See Dombey v. Phx. Newspapers, Inc.*, 150 Ariz. 476, 724 P.2d 562 (1986). Presumed damages may be awarded because the average plaintiff in a defamation case has difficulty presenting evidence of actual harm that would support a quantifiable award of compensatory damages; for example, the loss of reputation is not easily monetized. 1 John J. Kircher & Christine M. Wiseman, *Punitive Damages: Law and Practice* § 13:14 (2d ed. 2000). A potential award of presumed damages counts toward the jurisdictional amount. Any potential award of punitive damages, which are also available in defamation per se cases, also helps to satisfy the jurisdictional amount. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (noting that punitive damages count toward amount in controversy in civil action); *Selby v. Savard*, 134 Ariz. 222, 228, 655 P.2d 342, 348 (1982) (upholding under Arizona law punitive damages award in defamation case). In cases in which the plaintiff is a business entity, no damages for emotional distress, mental anguish, or the like can be recovered. *See HM Hotel Props. v.*

*Peerless Indem. Ins. Co.*, 874 F. Supp. 2d 850, 853-54 (D. Ariz. 2012) (holding that LLCs and corporations cannot recover emotional-distress damages, as "a corporation lacks the cognizant ability to experience emotions") (quoting *FDIC v. Hulsey*, 22 F.3d 1472, 1489 (10th Cir. 1994)).

While Arizona courts do not appear to have espoused any clear limitations on the extent of presumed damages available, the United States Supreme Court has declared in a discussion of presumed damages that "the States have no substantial interest in securing for plaintiffs . . . gratuitous awards of money damages far in excess of any actual injury." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974) (discussing recovery of "purportedly compensatory damages without evidence of actual loss" in defamation cases under common law). In a broad discussion of presumed damages in the context of 42 U.S.C. § 1983 cases, but also referencing defamation cases, the Supreme Court noted that:

> [w]hen a plaintiff seeks compensation for an injury that is likely to have occurred but difficult to establish, some form of presumed damages may possibly be appropriate. . . . In those circumstances, presumed damages may roughly approximate the harm that the plaintiff suffered and thereby compensate for harms that may be impossible to measure.

*Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 310-11 (1986) (citations omitted); *see also* 2 Rodney A. Smolla, *Law of Defamation* § 9:17 (2d ed. 2012) ("courts . . . impos[e] as the guiding principle the notion that presumed damages must serve the social policy of compensation"). As such, courts intend presumed damages—which compensate for an injury that occurred but is difficult to establish—to approximate in value the injury suffered.

Punitive damages also may not be awarded arbitrarily; excessive awards of punitive damages may violate the due process clause. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562, 585-86 (1996) (Due Process Clause of Fourteenth Amendment prohibits state courts from imposing "grossly excessive" punitive damages awards).

Factors that can help determine an appropriate punitive damages award include: (1) the reprehensibility of the defendant's conduct—which is generally less for acts causing economic harm than for violent acts; (2) the ratio of punitive damages to both the actual harm inflicted on the plaintiff as well as the harm likely to occur; and (3) penalties that have been imposed for comparable misconduct. *Id.* at 575-76, 580-81, 583. Further, while the Supreme Court has not placed bright-line limits on punitive damages, "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416-17, 425 (2003); *see also Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23-24 (1991) (determining that a punitive damages award of "more than 4 times the amount of compensatory damages" was not unconstitutional but might be "close to the line").

**III.   ANALYSIS**

At its core, the jurisdictional question in this action is whether the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is always satisfied in defamation per se cases under Arizona law. Put another way, it is whether the amount-in-controversy requirement is effectively waived in such cases. Here, Plaintiff plans to offer no evidence of actual harm attributable to allegedly defamatory statements—either as to the type of harms inflicted or the magnitude of any such harms. Freeman Holdings relies entirely on presumed damages and a potential award of punitive damages to establish the jurisdictional amount. Plaintiff would thus have this Court accept jurisdiction in every Arizona defamation per se case with diverse parties. This is a problematic proposition, given that federal district courts are courts of limited jurisdiction.

Plaintiff has offered precious little support for the contention that this Court has subject-matter jurisdiction based only on an assertion of presumed and punitive damages. Plaintiff relies heavily on and quotes liberally from *Schmitz v. Aston*, 197 Ariz. 264, 3 P.3d 1184 (Ct. App. 2000), in an effort to establish jurisdiction. (*See, e.g.*, Doc. 102 at 3-

6.) However, that Arizona Court of Appeals opinion was depublished without additional comment by the Arizona Supreme Court. *See Schmitz v. Aston*, 199 Ariz. 431, 431, 18 P.3d 1230, 1230 (2001). It is well-established Arizona law that "a depublished opinion has no precedential effect and cannot be cited as authority in any court." *FDIC v. Adams*, 187 Ariz. 585, 593, 931 P.2d 1095, 1103 (Ct. App. 1996); *see also* Ariz. R. Civ. App. P. 28(c), (f). All but one of the other cases Plaintiff cites to try to demonstrate that awards in excess of $75,000 have been granted under circumstances comparable to the ones here are inapposite. For example, Plaintiff cites *Selby v. Savard*, in which the jury awarded $500,000 in "actual and punitive" damages. *Selby*, 134 Ariz. at 223, 655 P.2d at 343. But the order in that case does not specify that only defamation per se was involved, and it appears that the plaintiff presented a good deal of evidence regarding the medical and job-related problems he attributed to the defendant's defamatory comments. *Id.* at 223-24, 655 P.2d at 343-44. The evidence the plaintiff presented, including that he had to take sick leave and eventually retire to alleviate the symptoms of stress he argued were caused by the defendant's defamation, *id.*, makes this entirely unlike the instant action, in which Plaintiff intends to present no evidence of actual harm or loss. Plaintiff's other cited cases likewise involve multiple claims, with no reason to suppose that the juries made their awards based entirely, or even in part, on findings of defamation per se.[1]

---

[1] Plaintiff cites *Sebring v. Pamintuan*, an Arizona Court of Appeals Memorandum Decision that should not be cited as authority or regarded as precedent. *See Sebring v. Pamintuan*, No. 1 CA-CV 07-0478, 2008 WL 2497446 (Ariz. Ct. App. Jun. 17, 2008); Ariz. R. Civ. App. P. 28(c). Even so, the court in that case upheld the jury's damages award precisely because the plaintiff presented evidence of injury and because the jury could have based its award on the defamation or intentional infliction of emotional distress claims, instead of solely on the challenged defamation per se claim. *Id.* at *3. In addition, Plaintiff cites a case from the Maricopa County Superior Court, *Desert Palm Surgical Group, PLC v. Petta*, No. CV2008-010464, but the final judgment in that case indicates that the plaintiffs' claims were for defamation and false light invasion of privacy; there is no mention of defamation per se or of whether the plaintiffs had any evidence of harm. (*See* Doc. 102-2 at Ex. D.)

As discussed, Plaintiff will present the jury with no evidence of harm and relies entirely on presumed damages and punitive damages to reach the jurisdictional amount of $75,000. The Court acknowledges the high bar set by the Ninth Circuit under the "legal certainty" test, and that at least one court in this district has in the past refused to dismiss a case for lack of jurisdiction under similar circumstances. *See Dealer Computer Servs., Inc. v. Fullers' White Mtn. Motors, Inc.*, No. CV07-00748-PCT-JAT, 2008 WL 828732, at *3-4 (D. Ariz. Mar. 26, 2008). In *Dealer Computer*, however, the defendants suggested that the plaintiffs could not prove actual damages, *see id.*; here, Plaintiff itself has indicated that it will present no evidence of special or out-of-pocket damages. Given the underlying premises that presumed damages are intended to approximate actual harm and that there are reasonable limits on punitive damages, it is virtually impossible for Plaintiff to win a jury award reaching the jurisdictional threshold. Not absolutely impossible, but virtually so. Further, this has been the case throughout the pending action; Freeman Holdings cannot satisfy the jurisdictional threshold now, and it would not have been able to do so at the outset of litigation.

The jurisdictional-amount requirement is not automatically met in all Arizona defamation per se cases with diverse parties. Federal courts are courts of limited subject-matter jurisdiction. "A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power." 13D Charles A. Wright et al., *Federal Practice and Procedure* § 3522 (3d ed. 2009). Declaring that this Court has jurisdiction in the instant case is tantamount to asserting jurisdiction over all Arizona defamation per se cases with diversity of citizenship; it is a transgression against "the allocation of judicial power between the federal and state governments." *Id.* In the specific circumstances of this case, Plaintiff does not have and never has had any evidence of actual damages, which presumed damages are meant to approximate and to

which punitive damages must be proportional. To a legal certainty, this cannot reach the amount-in-controversy requirement of 28 U.S.C. § 1332(a).

## IV.     CONCLUSION

Although the Court does not have subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a), Plaintiff is not harmed by dismissal. Plaintiff has a statutory right to refile this action in state court within six months of its termination in federal court. A.R.S. § 12-504. Plaintiff and Defendant will be able to use all of their preparation here to have a prompt trial, should Plaintiff decide to refile its action in state court.

**IT IS THEREFORE ORDERED** that the Clerk enter judgment dismissing this action for lack of subject-matter jurisdiction under 28 U.S.C. § 1332(a). The Clerk shall terminate this action.

Dated this 18th day of January, 2013.

_____
Neil V. Wake
United States District Judge